UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Steven Golia<br>112 West End Avenue<br>Haddonfield, NJ 08033 | CIVIL ACTION |
| Plaintiff | DOCKET NO. _____ |
| vs. | |
| David W. Thomas<br>500 Court Square, Suite 300<br>Charlottesville, VA 22902 | |
| and | |
| David M. Buoncristiani<br>555 California Street, Suite 2600<br>San Francisco, CA 94104 | |
| Defendants | |

## COMPLAINT

**AND NOW** comes Plaintiff Steven Golia, by and through his undersigned counsel, Alan L. Frank, Esquire and the law firm of Alan L. Frank Law Associates, P.C., bringing this civil action against Defendants David W. Thomas, Esquire and David M. Buoncristiani Esquire, and in support thereof, respectfully avers as follows:

### THE PARTIES

1. Plaintiff, Steven Golia ("Golia"), is an adult individual who is a citizen of the state of New Jersey with a residential address of 112 West End Avenue, Haddonfield, NJ 08033.

2. Defendant David W. Thomas, Esquire ("Thomas") is an adult individual who is a citizen of the Commonwealth of Virginia with his primary place of business at 500 Court Square, Suite 300, Charlottesville, VA 22902. At all times relevant herein, Thomas was an attorney

licensed to practice in the Commonwealth of Virginia.

3. Defendant David M. Buoncristiani, Esquire ("Buoncristiani") is an adult individual who is a citizen of the State of California with his primary place of business located at 555 California Street, Suite 2600, San Francisco, CA 94104. At all times relevant herein, Buoncristiani was an attorney licensed to practice in the State of California.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there exists diversity of citizenship between the Plaintiff and the Defendants in this case and the claim exceeds $75,000.00.

5. Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## FACTS UNDERLYING GOLIA'S LEGAL MALPRACTICE CLAIMS AGAINST ALL DEFENDANTS

7. Non-party IBCS Group, Inc. ("IBCS") is a Florida corporation, with its principal place of business at 944 Glenwood Station Lane, Suite 104, Charlottesville, VA 22901.

8. Non-party Edmund Scarborough ("Scarborough") is an adult individual maintaining a residential address located at 1921 Fray's Ridge Crossing, Earlysville, VA 22936 and a business address located at 944 Glenwood Station Lane, Suite 104, Charlottesville, VA 22901.

9. Scarborough acts as a surety for bid and performance bonds for government and private contractors.

10. IBCS is a company that is owned and controlled by Scarborough. IBCS is involved in Scarborough's surety business. At all relevant times, Scarborough was a director and Chief Executive Officer of IBCS.

11. To assist in the conduct of its business, IBCS hired Golia as a sales representative in February 2008. The terms of his employment were set forth in an agreement executed between the parties dated February 4, 2008. A true and correct copy of the February 4, 2008 Employment Agreement ("Employment Agreement") is attached hereto as Exhibit "A" and incorporated herein.

12. Golia remained an employee of IBCS until February 2012. At all relevant times herein, during the term of Golia's employment, Golia acted exclusively within the scope and terms of his employment and not in any individual capacity.

13. Non-party American Demolition and Nuclear Decommissioning, Inc. ("ADND") operates a business involving the demolition, deconstruction, environmental remediation and decommissioning of facilities, including those formally used for Governmental purposes, National Defense Initiatives and generation of nuclear power.

14. As part of the contracting process for projects in this field, some owners require that construction bonds be posted to ensure performance as well as payment to any subcontractor.

15. As part of contracting with governmental owners, certain requirements are set to ensure that individual surety bonds are acceptable to the governmental owners.

16. In 2009, ADND retained IBCS to supply a bond in support of a construction bid at a federal government facility in Aiken, South Carolina ("Aiken Project"). ADND paid IBCS One Hundred Thirty Eight Thousand Five Dollars ($138,005.00) in premiums for the requested

bond.

17. On or about December 16, 2009, IBCS presented payment and performance bonds to ADND. These bonds were then submitted to the contracting officer responsible for the Aiken Project. After reviewing the submitted bonds the contracting officer rejected the submitted bonds because they failed to meet certain security and collateral requirements set forth by Federal Acquisition Regulations ("FAR").

18. IBCS was unable to supply a replacement bond with would satisfy the FAR requirements.

19. ADND instead retained a replacement bond by American Safety Casualty Insurance Company ("ASI") at a cost of One Hundred and Eighteen Thousand Two Hundred and Ninety Dollars ($118,290.00).

20. ADND demanded that IBCS refund the One Hundred Thirty Eight Thousand Five Dollar ($138,005.00) premium paid to IBCS for the rejected bonds. IBCS failed to provide a refund of the bond premiums to ADND.

21. On December 9, 2011, ADND filed a Complaint against IBCS, Scarborough, and Golia in the United States District Court for the Western District of Virginia, Civil Action No. 3:11-cv-00078-GEC ("ADND Complaint"). A true and correct copy of the ADND Complaint is attached hereto as Exhibit "B".

22. The ADND Complaint alleged only one cause of action--a claim for false advertising pursuant to VA CODE ANN. §§ 59.1-68.3, 18.2-216. This claim was based on the dissemination of a brochure by IBCS to ADND which allegedly contained false statements concerning the collateral backing the advertised bonds and IBCS's refund policy. Although Golia

was named as a Defendant party in the ADND Complaint, no legally cognizable claim, in fact, ever existed against him individually.

23. Thomas was at all times herein relevant a member of the bar of Virginia.

24. Buoncristiani was at all times herein relevant a member of the bar of California.[1]

25. Immediately following service of the ADND Complaint, representatives of IBCS sought the legal services of Thomas and Buoncristiani with respect to IBCS, Scarborough, and Golia's defense against ADND's false advertising claim.

26. Thomas and Buoncristiani were retained as defense counsel for IBCS, Scarborough, and Golia. A true and correct copy of the Docket in the ADND Matter is attached hereto as Exhibit "C" and incorporated herein.

27. On information and belief, any engagement letter or contract for legal services was executed by IBCS, not by Golia.

28. On information and belief, no written conflict waiver was ever provided to Golia explaining the potential conflicts which may have arisen during Thomas and Buoncristiani's joint representation of IBCS, Scarborough, and Golia. No such written conflict waiver was executed by Golia.

29. After the Complaint was filed, Buoncristiani and/or Thomas requested that Golia produce documents to assist in the defense of IBCS.

30. Although Thomas and Buoncristiani represented Golia, neither Thomas or Buoncristiani ever discussed the individual claims against Golia with him or any potential

---

[1] Buoncristiani was not a member of the Virginia bar. Buoncristiani was admitted *pro hac vice*.

defenses thereto.

31. Despite Buoncristiani and Thomas's representation of Golia, no efforts were taken by Thomas or Buoncristiani to have the individual claims against Golia dismissed in their initial responsive pleadings or in any subsequent pleadings or otherwise.

32. Moreover, Thomas and Buoncristiani failed to consult with Golia regarding any individual defenses he might have.

33. Instead a joint answer was filed by Thomas and Buoncristiani on behalf of IBCS, Scarborough, and Golia, an Answer which did not assert any individual defenses on behalf of Golia. A true and correct copy of the Answer filed on behalf of IBCS, Scarborough, and Golia is attached hereto as Exhibit "D".

34. On January 10, 2014, ADND filed a motion for summary judgment against IBCS, Golia and Scarborough.

35. Thomas and Buoncristiani failed to communicate to Golia that a motion for summary judgment had been filed against him individually. Thomas and Buoncristiani similarly failed to communicate to Golia regarding any individual defenses he may have been able to assert in opposition to the motion for summary judgment.

36. Moreover, Thomas and Buoncristiani failed to raise any individual responses on behalf of Golia in the opposition to the motion for summary judgment filed jointly on behalf of IBCS, Scarborough, and Golia. A true and correct copy of the Opposition to ADND's Motion for Summary Judgement is attached hereto as Exhibit "E" and incorporated herein.

37. Thomas and Buoncristiani's failure to consider and thereafter assert fundamental aspects of civil litigation practice, failure to follow the Federal Rules of Civil Procedure, and

imprudently waiving Golia's individual defenses resulted in inadequate representation of Golia's interests to the Court.

38. Those errors ultimately caused the District Court to enter an Order granting summary judgment against Golia individually.

39. Despite the strength of Golia's individual defenses, Thomas and Buoncristiani failed to present such defenses to the Court.

40. In short, Golia lost due to his counsel's inadequate representation.

41. Although Golia had available to him a compelling defense, which would have ultimately defeated ADND's false advertising claim against him, no such defense was ever offered by Counsel to the Court at any time during the litigation.

42. The District Court accordingly entered an order granting ADND's motion for summary judgment against IBCS, Scarborough and Golia in the amount of $138,005.00 plus, interest, costs and fees..

43. Accordingly, Golia has been damaged in an amount in excess of One Hundred Thirty Eight Thousand Five Dollars ($138,005.00).

44. In addition, significant damage has been done to Golia's reputation and credit rating.

### COUNT I - PROFESSIONAL NEGLIGENCE
### (All Defendants)

45. Plaintiff incorporates paragraphs 1 through 44 above as if the same were set forth at length herein.

46. As stated in greater detail herein above, Thomas and Buoncristiani undertook

legal representation of Golia with respect to Golia's defense to ADND's false advertisement claims.

47. In so doing, the Defendants owed Golia a duty to competently and diligently represent Golia.

48. That notwithstanding, the Defendants breached the duty of care that they owed to Golia as their client by failing to present Golia's individual defenses to the Court.

49. Golia would have successfully defended ADND's false advertisement claim if Defendants had adequately presented Golia's individual defenses.

50. Accordingly, an adequate representation by Defendants would have prevented Golia from suffering a personal judgment against him and the resulting damages to Golia's professional reputation.

51. As the direct and proximate result of Defendants' breach of the duty of care owed to Golia, Golia has suffered damages in excess of, exclusive of interest, costs, and attorney's fees. *See Saffer v. Willoughby*, 143 N.J. 256 (1996)(holding that a successful Plaintiff in an attorney malpractice action is entitled to attorney's fees incurred in the prosecution of his/her claims as consequential damages).

WHEREFORE, Plaintiff Steven Golia respectfully requests that judgment be entered in its favor against all Defendants for an amount in excess of One Hundred Thirty Eight Thousand Five Dollars ($138,005.00) plus damage to Golia's reputation and credit rating, plus costs and attorneys fees incurred in prosecuting this claim in accordance with New Jersey Law and for such other and further relief as this Court deems just and proper.

## COUNT II - BREACH OF FIDUCIARY DUTY
(All Defendants)

52. Plaintiff incorporates paragraphs 1 through 51 above as if the same were set forth at length herein.

53. As stated in greater detail herein above, the Defendants undertook the legal representation of Golia in connection with Golia's defense to ADND's false advertisement claims.

54. As the result of Defendants' representation of Golia, Defendants stood in a fiduciary capacity with respect to Golia.

55. Accordingly, Defendants owed a duty of utmost loyalty to Golia.

56. Defendants breached the fiduciary duty owed to Golia by failing to competently defend him.

57. Defendants further breached their fiduciary duty owed to Golia by presenting themselves as qualified to represent Golia in regard to claims of false advertisement, when in fact Defendants were not qualified.

58. As the direct and proximate result of Defendants' breach of fiduciary duty, Golia has suffered damages in excess of One Hundred Thirty Eight Thousand Five Dollars ($138,005.00).

59. In addition, significant damage has been done to Golia's reputation and credit rating.

WHEREFORE, Plaintiff Steven Golia respectfully requests that judgment be entered in its favor against all Defendants for an amount in excess of One Hundred Thirty Eight Thousand

Five Dollars ($138,005.00) plus damage to Golia's reputation and credit rating, plus costs and attorneys fees incurred in prosecuting this claim in accordance with New Jersey Law and for such other and further relief as this Court deems just and proper.

## COUNT III - BREACH OF CONTRACT
### (All Defendants)

60. Plaintiff incorporates paragraphs 1 through 59 above as if the same were set forth at length herein.

61. As stated in greater detail herein above, Defendants contracted to provide legal services to Golia's with regard to his defense against ADND's claim of false advertisement.

62. Said contract was a valid and legally binding contract for services.

63. Pursuant to said contract, Defendants were required to defend Golia competently and diligently against ADND's false advertisement claim.

64. Pursuant to said contract, the Defendants owed a duty of good faith and fair dealing to Golia.

65. Defendants breached the terms of the contract by failing to defend Golia competently and diligently against against ADND's false advertisement claim.

66. Defendants breached the duty of good faith and fair dealing under the terms of the contract by failing to provide adequate legal representation.

67. As the direct and proximate result of Defendants' breaches of the terms of the contract, Plaintiff has suffered damages in excess of One Hundred Thirty Eight Thousand Five Dollars ($138,005.00).

68. In addition, significant damage has been done to Golia's reputation and credit

rating.

WHEREFORE, Plaintiff Steven Golia respectfully requests that judgment be entered in its favor against all Defendants for an amount in excess of One Hundred Thirty Eight Thousand Five Dollars ($138,005.00) plus damage to Golia's reputation and credit rating, plus costs and attorneys fees incurred in prosecuting this claim in accordance with New Jersey state law and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: February 10, 2015

_____
ALAN L. FRANK, ESQUIRE
ALAN L. FRANK LAW ASSOCIATES, P.C.
135 Old York Road
Jenkintown, PA 19046
(p): 215-935-1000 (f): 215-935-1110
E-mail: afrank@alflaw.net

## **JURY TRIAL DEMAND**

A jury trial is hereby demanded as to all Counts.

_____
ALAN L. FRANK, ESQUIRE
ALAN L. FRANK LAW ASSOCIATES, P.C.
135 Old York Road
Jenkintown, PA 19046
(p): 215-935-1000
(f): 215-935-1110
E-mail: afrank@alflaw.net

Dated: February 10, 2015